UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID HOHENTHANER,
an individual,

                                  Case No.:

    Plaintiff,

v.

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY, INC. d/b/a
AMERICAN EDUCATION SERVICES,
A foreign entity,
and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,

    Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, DAVID HOHENTHANER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, INC. d/b/a AMERICAN EDUCATION SERVICES (hereinafter, "PHEAA"), and EXPERIAN

1

INFORMATION SOLUTIONS, INC. (hereinafter, "EXPERIAN") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Plaintiff disputed PHEAA's objectively-inaccurate credit reporting of the subject PHEAA debt directly to EXPERIAN and PHEAA yet each continued to credit report inaccurate information in violation of the FCRA.

## JURISDICTION, VENUE & PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1692, *et seq.*

3. Defendants are each subject to the jurisdiction of this Court as each regularly transacts business in this District, and the events described herein occur in this district.

4. Venue is proper in this District as the acts and transactions described herein occur in this District.

5. At all material times herein, Plaintiff is a natural person residing in Pasco County, Florida.

6. At all material times herein, PHEAA is a foreign entity that does business in Florida.

7. At all material times herein, PHEAA is also a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

8. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

9. At all material times herein, Experian is also a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FCRA STATUTORY STRUCTURE

10. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

11. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible*

*accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

12.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

13.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

14.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or

accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

15. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

16. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable

attorney fees. *Id.* at § o.

## GENERAL ALLEGATIONS

17. PHEAA furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to EXPERIAN in order to compel or coerce the debtor to either satisfy the alleged balance or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

18. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

19. All necessary conditions precedent to the filing of this action occurred, or Defendants waived the same.

### PHEAA and EXPERIAN's Unlawful Credit Reporting

20. Plaintiff incurred student loans with PHEAA.

21. As a result of COVID-19, in the end of 2020, Plaintiff was unable to repay his student loans.

22. As such, in November 2020, Plaintiff sought a forbearance with PHEAA.

23. In November 2020, PHEAA agreed to a forbearance with Plaintiff.

24. Dispute this, in the end of November 2020, Plaintiff received a bill from

PHEAA.

25. In December 2020, Plaintiff contacted PHEAA again to confirm that his student loans were in forbearance.

26. PHEAA confirmed that his student loans were in a forbearance.

27. In the end of January 2021, Plaintiff noticed that PHEAA was marking him past due and late on his November and December 2020 Experian credit report.

28. As such, in the end of January 2021, Plaintiff submitted an online dispute through Experian's portal.

29. On February 3, 2021, Experian and PHEAA responded and incorrectly verified that Plaintiff was 60 days late in November 2020, 90 days late in December 2020, and 90 days late in January 2021.

30. In February 2022, Plaintiff submitted a second dispute through Experian's portal.

31. On February 18, 2022, Experian and PHEAA responded and incorrectly verified the November and December 2020 late marks.

32. In addition, Plaintiff submitted a complaint to the Consumer Financial Protection Bureau ("CFPB") on February 8, 2022.

33. On April 4, 2022, PHEAA admitted its fault in a response to Plaintiff's CFPB complaint.

34. Plaintiff retained Undersigned Counsel for the purpose of pursuing this

matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

35. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiffs, should Plaintiff prevail in this matter against PHEAA, EQUIFAX, and EXPERIAN.

36. Additionally, as a result of Defendants' actions, Plaintiff was denied a conventional home mortgage.

37. Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Debt.

38. Plaintiff suffered additional actual damages in the form of damage to his credit reputation, higher credit costs, and Plaintiff refrained from applying for new credit for fear that he would be denied because of the objectively inaccurate reporting referenced herein.

### COUNT ONE: PHEAA
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)

Plaintiff re-alleges paragraphs one (1) through thirty-eight (38) as if fully restated herein and further states as follows:

39. PHEAA is subject to, and violated the provisions of, 15 United States

Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to correctly report the debt on Plaintiff's credit reports after re-investigating Plaintiff's disputes.

40. As described above, despite receiving notice of Plaintiff's disputes, PHEAA willfully and/or negligently reported erroneous and inaccurate credit information regarding the debt to EXPERIAN.

41. Specifically, after receiving notice of Plaintiff's disputes, PHEAA inaccurately reported the debt as past due with an incorrect balance, which ultimately reflected negatively on Plaintiff's EXPERIAN credit report and credit file. PHEAA admitted its wrongdoing within their response to Plaintiff's CFPB complaint.

42. PHEAA's re-investigations were not conducted in good faith.

43. PHEAA's re-investigations were not conducted reasonably.

44. PHEAA's re-investigations were not conducted using all information reasonably available to PHEAA.

45. PHEAA's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

46. PHEAA's actions in violation of 15 United States Code, Section 1681s-

2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO: EXPERIAN
FAIR CREDIT REPORTING ACT –
<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>**

Plaintiff re-alleges paragraphs one (1) through thirty-eight (38) as if fully restated herein and further states as follows:

47. EXPERIAN is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

48. EXPERIAN willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report regarding the debt.

49. Specifically, EXPERIAN incorrectly reported Plaintiff as past due and late in November and December 2020, and January 2021.

50. Further, EXPERIAN willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's First Dispute or

Second Dispute of the above-referenced inaccuracies contained in EXPERIAN's credit report.

51. As a result of EXPERIAN's conduct, actions, and inactions, Plaintiff incurred higher interest rates and less favorable terms on consumer loans.

52. EXPERIAN's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

53. EXPERIAN's violations of 15 United States Code, Section 1681e(b), constitutes negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

### COUNT THREE: EXPERIAN
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)

Plaintiff re-alleges paragraphs one (1) through thirty-eight (38) as if fully restated herein and further states as follows:

54. EXPERIAN is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's First Dispute and Second Dispute to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate

information in Plaintiff's credit reports and credit file.

55. Specifically, EXPERIAN willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's First Dispute and Second Dispute, as described herein.

56. For example, despite receiving Plaintiff's First Dispute Letter and Second Dispute Letter, EXPERIAN's re-investigation was not conducted in such a way as to assure the maximum possible accuracy of the Debt on Plaintiff's credit reports.

57. Such reporting was objectively false and evidences EXPERIAN's failure to conduct a reasonable re-investigation of Plaintiff's First Dispute and Second Dispute.

58. EXPERIAN's reinvestigation of Plaintiff's First Dispute and Second Dispute was not conducted reasonably.

59. EXPERIAN's reinvestigation of Plaintiff's First Dispute and Second Dispute was not conducted in good faith.

60. EXPERIAN's reinvestigation procedures are unreasonable.

61. EXPERIAN's re-investigation of Plaintiff's First Dispute and Second Dispute was not conducted using all information reasonably available to EXPERIAN.

62. EXPERIAN's reinvestigation was *per se* deficient by reason of these

failures in EXPERIAN's reinvestigation of Plaintiff's disputes and the Debt.

63. EXPERIAN's individual actions in violation of 15 United States Code, Section 1681i(a)(1), constitutes negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT FOUR: EXPERIAN
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)

Plaintiff re-alleges paragraphs one (1) through thirty-eight (38) as if fully restated herein and further states as follows:

64. EXPERIAN is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes as inaccurate or that could not be verified.

65. Specifically, despite receiving Plaintiff's First Dispute Letter and Second Dispute Letter, EXPERIAN willfully and/or negligently failed to update or delete the information on Plaintiff's credit reports with respect to the Debt that was either inaccurate and could not be verified.

66. EXPERIAN's action was a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully

stated herein.

67. EXPERIAN's individual action in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against PHEAA and EXPERIAN for maximum statutory damages for violations of the FCRA;

b. Judgment enjoining PHEAA and EXPERIAN from engaging in further conduct in violation of the FCRA;

c. Actual damages in an amount to be determined at trial;

d. Compensatory damages in an amount to be determined at trial;

e. Punitive damages in an amount to be determined at trial;

f. An award of attorney's fees and costs; and

g. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## **SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW, P.A.**

/s/ *Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Counsel for Plaintiff*